# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BLONDELL F. MITCHELL,

        **Plaintiff,**

        **v.**

AMAZON CORPORATION AND
AMAZON WEB SERVICES,

        **Defendants.**

Case No. 2:24-cv-02363-HLT-ADM

## MEMORANDUM AND ORDER

Plaintiff Blondell Mitchell[1] brings this case against her former employer, Amazon.com

Services LLC[2] ("Amazon") and Amazon Web Services ("AWS"). She brings federal claims

alleging that Amazon perceived her as disabled and discriminated against her in violation of the

Americans with Disabilities Act ("ADA").[3] Specifically, she claims that Amazon subjected her to

discriminatory treatment and a hostile work environment, failed to promote her, and terminated

her employment because it believed that she was a drug-addicted prostitute with HIV/AIDS. She

also claims under state law that Amazon or AWS published defamatory statements about her and

that Amazon wrongfully terminated her employment. Plaintiff seeks more than $6 billion in

damages.

---

[1]   Plaintiff proceeds pro se. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2]   Defendants represent that Plaintiff incorrectly identified Amazon.com Services LLC in her complaint as Amazon Corp., which is not a legal entity.

[3]   The governing law is now the ADA Amendments Act of 2008 ("ADAAA"). The Court applies the amended law and regulations. But the Court continues to use the term "ADA" for ease of reference.

Defendants move to dismiss. Doc. 9. They contend that none of Plaintiff's claims are viable. The Court agrees that Plaintiff fails to plausibly state any federal claim. All her federal claims suffer from one overarching problem: Plaintiff fails to plausibly allege facts suggesting that Amazon took any particular action <u>because of</u> Plaintiff's perceived disability. And Plaintiff only asserts federal-question jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. The Court therefore dismisses Plaintiff's federal claims with prejudice and her state-law claims without prejudice.

## I.    BACKGROUND

Plaintiff worked for Amazon as a "picker." She claims that Amazon incorrectly believed that she was a drug-addicted prostitute who had HIV/AIDS. Plaintiff claims that Amazon discriminated against her because of this belief. She alleges that Amazon's managers "tried" to write her up and "tried" to give her a bad review. She also alleges that Amazon assigned her to a broken workstation, assigned her to packing instead of picking, and terminated her employment.

Plaintiff alleges that she applied for over fifty positions with the company. But Amazon never interviewed or selected her for these positions.

Plaintiff claims that Amazon employees and managers harassed her because they believed that she was a drug-addicted prostitute with HIV/AIDS. Plaintiff asserts the following events were instances of harassment:[4]

- An African woman harassed Plaintiff. Plaintiff complained to HR, but HR took no action. A Somali woman or women also harassed her.

- Other employees moved Plaintiff's nametag so she could not find her workstation. Then managers yelled at her for being at the wrong workstation.

---

[4]    Plaintiff identifies additional instances in her response brief and attachment. *See, e.g.*, Doc, 15-1 at 1-3. But Plaintiff cannot amend the allegations in her complaint by adding them in a response to a motion to dismiss. Even if included, however, these allegations do not change the outcome. The Court addresses a few of these instances as examples throughout this order.

- Mattie (who was either a supervisor/manager or a coworker) intentionally assigned Plaintiff to broken workstations and moved Plaintiff to a different department if Plaintiff moved to another workstation.

- Other employees acted "smart" with Plaintiff when she made certain comments. One said "the fans are not there to cool you off" when Plaintiff complained about the smell from a broken sardines case.

- Other employees told Plaintiff that "nobody likes her so [she should] quit and kill herself."

- A manager called Plaintiff "ugly."

- As noted above, a manager "tried" to write her up and "tried" to give her a bad review. Another manager yelled at her for something that was not her fault.

Plaintiff also claims that Amazon or AWS published false statements about her (including that she was a drug-addicted prostitute with HIV/AIDS, she abandoned her children, and two of her children were not her husband's children) when it used AWS HR software to "put this on her employment record" and "den[ied] her application/resume within minutes if not seconds." Doc. 1 at 8. Amazon markets and sells its AWS HR software to the public, and the false information was published to anyone who queried her name.

Amazon terminated Plaintiff's employment on July 14, 2023. Amazon told Plaintiff that she was terminated because she used the wrong pronoun when referring to Mattie (the supervisor/manager or coworker), she had gotten "smart with Mattie" and talked about Mattie behind Mattie's back, and she stated during a meeting that "foreigners needed to learn how to speak English" and that she "was going to file a complaint with ICE." *Id.* at 15. But Plaintiff believes the real reason she was terminated was because she was going to sue Amazon and contact OSHA and AARP.

## II.    STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

is plausible if it contains sufficient factual content to allow a court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard

requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin

to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with

a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A court

undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not

accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption

of truth. *Id.* at 678-79.

## III.    ANALYSIS

The Court first looks at whether Plaintiff plausibly states a federal claim. She does not. The

Court then evaluates whether to exercise supplemental jurisdiction over Plaintiff's state law

claims. Supplemental jurisdiction is not warranted under the circumstances of this case.

### A.    Federal Claims.

#### 1.   ADA Discrimination Claims (Counts I and III).

Plaintiff claims that Amazon discriminated against her because it regarded her has having

a disability.[5] The ADA prohibits covered employers from discriminating against "a qualified

individual on the basis of disability in regard to . . . terms, conditions, and privileges of

employment." 42 U.S.C. § 12112(a). A prima facie case of ADA disability discrimination requires

the plaintiff to show: (1) she either is disabled or perceived as disabled under the ADA; (2) she is

---

[5]   Plaintiff also lists Title VII as a basis for Count I. But all her allegations are based on perceived disability, which
     Title VII does not cover. Plaintiff repeatedly terms her Count I claim as one for "perceived medical condition" or
     "medical condition" discrimination. *See* Doc. 1 at 4, 5.

qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) she suffered discrimination because of her disability. *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 896 (10th Cir. 2017). The plaintiff endures "discrimination" within the meaning of the third prong when she suffers an adverse employment action because of her disability. *Id*. An adverse employment action for purposes of a substantive ADA disparate-treatment claim requires that an action "constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011).[6] A mere inconvenience or an action with de minimis impact on a job will not suffice. *See id.*

There are several problems with Plaintiff's discrimination claims. <u>First</u>, she fails to plausibly allege that she was regarded as disabled. A plaintiff pursuing an ADA "regarded as" claim must plausibly allege that the decisionmaker subjectively believed that the plaintiff was significantly restricted in a major life activity. *Williams v. Goodyear Tire & Rubber Co.*, 2011 WL 6091741, at *7-9 (D. Kan. 2011).

Plaintiff alleges that Amazon incorrectly believed that she was a drug-addicted prostitute suffering from HIV/AIDS.[7] But regardless of whether Amazon actually believed this, Plaintiff's

---

[6]   The Supreme Court recently held that, under Title VII, an employee who was transferred as a result of alleged discrimination does not have to show that the harm resulting from the transfer was "significant." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354-55 (2024). The Tenth Circuit applied *Muldrow* to an ADA claim outside of the transfer context in *Bell v. City of Tulsa*, 2025 WL 86956, at *7 (10th Cir. 2025). To the extent the standard in ADA cases no longer incorporates the "significant" modifier, that distinction is not important here. As discussed herein, the actions Plaintiff describes are not even arguably adverse with the exception of failure-to-promote and termination.

[7]   Plaintiff newly asserts in her response brief that she had an allergic reaction to hair dye. Doc. 15-1 at 1. The Court does not consider this new allegation. But even if considered, it does not advance Plaintiff's position that Amazon perceived her as disabled. She again offers no facts that connect this ailment to a decisionmaker or a belief that she was substantially limited in a major life activity.

allegations fall short of alleging that a decisionmaker believed she had an impairment that substantially limited a major life activity. Plaintiff alleges that "Amazon along with its managers and a lot of employees" believed her to be a drug-addicted prostitute with HIV/AIDS. Doc. 1 at 6, 10-12. But she does not allege any particular person held this belief. She does not allege who terminated her employment or made other decisions allegedly qualifying as an adverse employment action. And she does not allege that anyone believed that she was substantially limited in a major life activity because she was a drug-addicted prostitute suffering from HIV/AIDS. Plaintiff does not plausibly allege that a decisionmaker regarded her as disabled.

Second, Plaintiff fails to plausibly allege causation. She alleges no facts suggesting that any actions taken were because a decisionmaker believed that she was substantially limited in a major life activity. Instead, she makes the conclusory allegation that Amazon "took an adverse action against [Plaintiff] because of, in whole or in part, [Plaintiff's] Perceived Protected Disability." Doc. 1 at 6. General allegations of discrimination without connecting facts are insufficient to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Plaintiff alleges no facts connecting an employment action to a perceived disability.

Third, Plaintiff fails to plausibly allege any adverse action other than termination (and failure-to-promote, which is addressed separately). She alleges that a manager "tried" to write her up and "tried" to give her a bad review. She also alleges that Mattie assigned her to a broken workstation and assigned her to packing instead of picking. These allegations are insufficient to constitute an adverse action. They are not "disadvantageous" changes in terms or conditions of employment that are required to plausibly establish a prima facie case of discrimination. *See*

6

*Muldrow*, 601 U.S. at 354. Amazon's decision to terminate her employment is an adverse action, but she has not plausibly connected it to a perception that she was disabled, as explained above.[8]

For all these reasons, Plaintiff fails to plausibly allege a claim under the ADA for discrimination.

### 2. ADA Failure-to-Promote Claim (Count IV).

The Court addresses Plaintiff's failure-to-promote claim separately because it has a unique problem. The claim suffers from the same regarded-as and causation problems as discussed above. For example, Plaintiff makes the conclusory allegation that she was "[n]ot promoted under circumstances which give rise to an inference of unlawful discrimination." Doc. 1 at 12. This allegation is insufficient to plausibly allege causation. It offers no facts to demonstrate a causal connection. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). She also makes the confusing argument that causation existed because "Amazon along with its managers should have known the Perceived Disabilities were false because [Plaintiff] at one time was picking more than 1,200 items per hour when the requirement is only 300 items per hour." *Id.* This does not suggest, even with liberal construction, that Amazon failed to promote her because of a perceived disability.

---

[8]  Amazon also raises a timeliness challenge to Plaintiff's ADA claims. A party must file an EEOC charge within 300 days of the alleged act of discrimination. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e); *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005). Amazon contends that Plaintiff filed an EEOC charge on May 8, 2024. This date is 300 days after July 13, 2023. If Amazon is correct, then all claims arising before July 13, 2023 are time-barred. This would leave only Plaintiff's claim for unlawful termination on July 14, 2023.

Plaintiff does not meaningfully challenge Amazon's representation about when she filed her EEOC charge. She instead focuses on the 90-day time limit to file a case after receiving a right-to-sue letter. But this deadline is not at issue.

Nevertheless, Amazon failed to submit Plaintiff's alleged May 8 EEOC charge despite representing that it was attached. And Plaintiff attached a document that suggests she filed an EEOC charge on July 17, 2023. *See* Doc. 15-1 at 9. The Court cannot determine from the pleadings when Plaintiff exhausted her administrative remedies. The Court therefore declines to dismiss Counts I, III, IV, and V as untimely.

But this claim also suffers from another malady: Plaintiff has not alleged any facts about the alleged promotion opportunities at all. A failure to promote claims requires: (1) the plaintiff is a member of a protected class; (2) she was qualified for a different position and applied for it; (3) her employer rejected her application; and (4) someone outside of the protected class filled the position or it remained unfilled. *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003); *Castille v. Teletech Customer Care Mgmt. (Co.), Inc.*, 56 F. App'x 895, 897 (10th Cir. 2003). The plaintiff must identify a specific vacant position for which she was qualified and to which she applied. *See Bryant v. Neb. Furniture Mart*, 2021 WL 259294, at *3, *5 (D. Kan. 2021) (dismissing the plaintiff's complaint when the plaintiff did not "specify the job vacancy at issue, let alone allege whether plaintiff applied for the job").

Plaintiff's allegations fall woefully short of this standard. She has not pleaded any facts about what jobs she applied for, when she applied, how she was qualified, who received the jobs instead of her (or if they remained unfilled), or who made the hiring decision. Plaintiff instead vaguely alleges that Amazon denied her promotion to "over 50 positions." Doc. 1 at 12. This general allegation fails to plausibly state a claim for failure to promote.[9]

### 3.  ADA Harassment/Hostile Work Environment Claim (Count V).

Plaintiff's next claim is that she was subjected to harassment, or a hostile work environment, based on her perceived disability. A series of separate acts can collectively constitute a hostile work environment. *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021). A hostile work environment exists where a plaintiff (1) was discriminated against because of her

---

[9]    Plaintiff attempts in her response brief to add an allegation that she was denied promotion to a "Senior Financial Analysts Position" in 2022. Doc. 15 at 20. She also mentions a Tier 3 manager position that she applied for in 2018. Doc. 15-1 at 2. But even if these were proper amendments (and they are not), the allegations do not save Plaintiff's claim. She did not timely exhaust these discrete allegations for failure to promote. And she still fails to allege who made the decisions, whether this person had beliefs about her perceived disability, and who received the promotions.

perceived disability, and (2) the discrimination was sufficiently severe or pervasive that it altered the terms or conditions of employment. *Id*. (outlining the elements for a sexual harassment claim).

A hostile work environment claim requires "facts sufficient to show that the work environment 'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 520 (10th Cir. 2017) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). There must be facts pleaded showing that the work environment is both subjectively and objectively hostile. *Id*. "[Run-of-the-mill] boorish, juvenile, or annoying behavior" is not sufficient, nor are a few isolated incidents. *Throupe*, 988 F.3d at 1252 (internal quotation and citation omitted). Where "none of the acts [a plaintiff] complains of, either considered alone or in combination, can be said to have altered the conditions of employment such that the atmosphere was abusive . . . . dismissal for failure to state claim is proper." *Chand v. Braithwaite*, 2020 WL 9209284, at *2 (D.S.C. 2020).

Plaintiff describes a host of incidents involving her co-workers. She does not offer dates or names, but she alleges that an African woman and a Somali woman or women harassed her and that other employees acted "smart" with her and moved her nametag so she could not find her workstation. She alleges that Mattie assigned her to broken workstations and reassigned her to another department when Plaintiff moved workstations. She alleges that managers yelled at her on occasion and one manager called her ugly. She alleges that one employee told her that "nobody likes her so [she should] quit and kill herself." And she alleges that managers tried to write her up and give her a bad review. That Plaintiff may have been subjected to this treatment is sad. But to state a federal claim for a hostile work environment based on disability, the treatment must have stemmed from a disability-related animus. *See Williams*, 849 F.3d at 897 ("General harassment

alone is not actionable."). Plaintiff does not allege this connection. She claims that employees and managers at Amazon regarded her as disabled. But she does not specify who those people were and whether they were the same ones who harassed her.[10]

Of these alleged instances, one gives the Court some pause: someone suggesting (perhaps on multiple occasions) that Plaintiff should kill herself. The Court does not condone such behavior or take such an allegation lightly. But Plaintiff's allegations on the whole are not sufficiently severe or pervasive to plausibly rise to the level of a hostile work environment. They constitute no more than run-of-the-mill behavior that is boorish, juvenile, or annoying. *See Throupe*, 988 F.3d at 1252. Unfortunately, workplaces are not always harmonious. The conduct Plaintiff describes like moving her nametag and acting "smart" with her, while understandably irritating, does not rise to the level of severity required for an actionable claim. And Plaintiff does not allege how frequently she was subjected to this treatment over the course of three years. "[E]ven incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life." *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). Plaintiff fails to state a plausible claim for disability-based harassment or hostile work environment for these reasons.

---

[10]  Plaintiff attempts to add three more pages of allegations about harassing behavior through her response. Doc. 15-1. She acknowledges that these allegations are "[i]n addition to what is listed in her complaint." *Id.* at 1. This document has more dates, names, and specifics about some of the alleged activities. As the Court has previously noted, Plaintiff did not properly seek leave to amend her complaint. But these new allegations, even if considered, do not change the outcome. Even if they constitute an abusive atmosphere, Plaintiff still fails to make a connection to her perceived disability. A hostile work environment must still be based on a protected class (here, persons regarded as disabled) to be actionable under the ADA.

**B.    State-Law Claims for Defamation (Counts II and VII) and Wrongful Termination (Count VI)**

Plaintiff brings her remaining claims under state law: defamation and wrongful termination. But she asserts only federal-question jurisdiction in her complaint. She does not assert a separate jurisdictional basis for her state-law claims. She does not allege her own citizenship or that of Defendants. As noted previously, Plaintiff names Amazon Corporation, but Amazon clarifies that the correct entity is Amazon.com Services LLC. Its citizenship is therefore that of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Plaintiff has not identified Amazon's members or their citizenship. And Plaintiff bears the burden to establish that diversity jurisdiction exists. *Id.* at 1236. She has not met her burden. There is no proper basis before the Court to assume diversity jurisdiction over Plaintiff's state-law claims.

A court has discretion to exercise supplemental jurisdiction over state-law claims that derive from "a common nucleus of operative fact" as a pending federal claim. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *see also* 28 U.S.C. § 1367(a). Courts consider whether the values of judicial economy, convenience, and fairness would be served by asserting supplemental jurisdiction over the state-law claims. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). But a district court may decline supplemental jurisdiction when the claims over which it had original jurisdiction have been dismissed. 28 U.S.C. 1367(c)(3); *see, e.g.*, *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004); *Heffington v. Derby United Sch. Dist. 260*, 2011 WL 5149257, at *3 (D. Kan. 2011). Courts are cautious about exercising supplemental jurisdiction over state-law claims. Notions of comity and federalism weigh in favor of state courts trying their own lawsuits. *Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (citation omitted). Declining supplemental jurisdiction is a

11

matter within a court's discretion. *See Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009).

Plaintiff's state-law claims may generally arise out of the same common nucleus of operative fact as the federal claims. But they also can be viewed as based on different alleged actions. Allegations that Amazon AWS published defamatory information about her is separate from her claims of disability-based workplace discrimination. And allegations that she was terminated because she threatened legal action and to make reports to OSHA and AARP are likewise separate from her disability claims. Nevertheless, even if they arise out of the same common nucleus, there is little reason to maintain jurisdiction. The remaining claims are better resolved by a state court. Kansas has a vested interest in interpreting and applying its own defamation laws and public policy. Kansas is in the best position to evaluate whether Plaintiff should be allowed to pursue her unique theory of defamation without first requiring amendment. The same goes for Plaintiff's state-law termination claim. It does not appear to fit within any of the recognized public policy exceptions to Kansas's at-will employment doctrine. But the state system has an interest in ruling questions of public policy, particularly when no other federal matters remain for resolution. This Court can dismiss the state claims without prejudice to allow a Kansas court to resolve them. Notions of comity support allowing Kansas courts to address matters of state law.

Concerns of judicial economy and fairness also weigh in favor of dismissal. This is not Plaintiff's first time in federal court. A rudimentary search reveals that Plaintiff has filed at least

twenty-five federal cases in the District of Colorado,[11] the Southern District of Iowa,[12] the Western

District of Missouri,[13] and now the District of Kansas. A recurring theme in these cases is an

allegation that persons or entities defamed her by publishing the false information that she has

HIV/AIDS. *See, e.g.*, *Mitchell v. KDJM-FM Jammin 92.5*, Case No. 1:10-cv-01732, Doc. 7

(D. Colo. 2010) ("Ms. Mitchell asserts that some time prior to the summer of 2005 Defendants

stated in a public forum that she has AIDS/HIV or the virus associated with the disease."); *see also*

*Mitchell v. Sanchez*, Case No. 4:13-cv-00369, Doc. 1 (S.D. Iowa 2013); *Mitchell v. Sanchez*, Case

No. 4:14-00996, Doc. 4 (W.D. Mo. 2014). So far as the Court can tell, Plaintiff has not yet been

successful. The Court is not inclined to take up the merits of Plaintiff's state-law claims only

because she filed them in yet another federal case. If Plaintiff believes she has been aggrieved

under Kansas state law, she may pursue those claims in Kansas state court. The Court does not

reach the merits of Plaintiff's remaining state-law claims.

## IV.    CONCLUSION

The Court dismisses Plaintiff's case. Dismissal of the federal claims is with prejudice. This

is generally proper under Rule 12(b)(6) particularly given the failure to amend as of right or to

seek leave to amend consistent with the federal and local rules while the motion was pending. Fed.

R. Civ. P. 15; D. Kan. Rule 15.1; *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132-33

(D.C. Cir. 2012) (Kavanaugh, J., concurring) (explaining that dismissal under Rule 12(b)(6) is

generally with prejudice unless stated otherwise and that opportunities to amend under Rule 15 in

---

[11]  Case Nos. 1:10-cv-01732, 1:05-cv-01167, 1:05-cv-01180, 1:05-cv-01784, 1:05-cv-01785, 1:06-cv-01427, 1:06-cv-01578, 1:06-cv-01579, and 1:06-cv-01585.

[12]  Case Nos. 4:05-cv-00575, 4:05-cv-00576, 4:05-cv-00578, 4:05-cv-00577, 4:05-cv-00579, 4:05-cv-00677, 4:05-cv-00678, 4:05-cv-00679, 4:05-cv-00680, 4:11-cv-00486, 4:11-cv-00487, 4:13-cv-00325, and 4:13-cv-00369.

[13]  Case Nos. 4:14-cv-00996, 4:14-cv-00997, and 4:22-cv-00511.

response to motions to dismiss provide a fair opportunity for a plaintiff to avoid such a result). This approach also promotes efficiency and prevents parties from taking a "wait-and-see" approach to see what can get by before making fulsome efforts to address the challenged issues.

Plaintiff's complaint is lengthy and contains many factual allegations. But she clearly delineates her seven claims in plain, unambiguous terms. *See* Doc. 1 at 5. Her ability to identify her claims and her extensive experience litigating in federal court also weigh in favor of dismissal with prejudice. Plaintiff is no stranger to federal litigation and its rules. Yet she still attempted to add allegations through her oversized response brief instead of acknowledging the deficiencies in her complaint and properly seeking leave to amend. And nothing suggests she could overcome the problems identified within this order with a formal opportunity to amend. The Court has explained why her new allegations in her response would not change the outcome. For these reasons, the Court finds dismissal of the federal claims with prejudice to be appropriate. The Court dismisses the state-law claims without prejudice.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 9) is GRANTED. The Court dismisses Plaintiff's case. The federal claims are DISMISSED WITH PREJUDICE. The state-law claims are DISMISSED WITHOUT PREJUDICE.

The case is closed.

IT IS SO ORDERED.

Dated: February 28, 2025                    /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE